UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CINDY GILMORE,

    Plaintiff,

    v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

    Defendant.

_____/

No. C 13-0178 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**

Plaintiff's motion to strike defendant's affirmative defenses came on for hearing before this court on April 17, 2013. Plaintiff Cindy Gilmore ("plaintiff") appeared through her counsel, Brian Kim. Defendant Liberty Life Assurance Company of Boston ("defendant") appeared through its counsel, Alexis Kent. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part plaintiff's motion, for the reasons stated at the hearing and as follows.

Plaintiff argues that defendant's first and fourth affirmative defenses (for failure to state a claim and conduct not arbitrary or capricious, respectively) are not proper affirmative defenses, and instead are mere denials of liability. While, as a technical matter, plaintiff may be correct, the court finds that no prejudice would result from allowing the defenses to remain as pled, and thus DENIES plaintiff's motion to strike as to the first and fourth affirmative defenses.

Plaintiff then argues that defendant's second (conditions precedent), third (no coverage/barred by terms and conditions), and fifth (set-off) affirmative defenses do not allege sufficient facts to support the asserted legal arguments, and thus deprive her of fair notice. As to the second affirmative defense, the motion to strike is GRANTED with leave

to amend, so that defendant may identify the specific condition(s) precedent which plaintiff allegedly failed to meet. As to the fifth affirmative defense, the motion to strike is GRANTED with leave to amend, so that defendant may identify the source of the alleged set-off. However, as to the third affirmative defense, the motion to strike is DENIED. Defendant's answer points to the group disability income policy itself as the source of the terms and conditions which plaintiff allegedly failed to meet, giving plaintiff fair notice as to the factual basis for this defense.

Defendant shall have until **May 8, 2013** to file an amended answer in accordance with this order, and plaintiff shall have until **May 29, 2013** to respond to defendant's amended answer.

**IT IS SO ORDERED.**

Dated: April 19, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge